IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

WILLIE L. McQUEEN, §
§
    Petitioner, §
§
v. § 2:03-CV-0227
§
JOSEPH HARO, Warden, §
Federal Correctional Institution, §
Big Spring, Texas, §
§
    Respondent. §

## REPORT AND RECOMMENDATION

Petitioner WILLIE L. McQUEEN has filed with this Court a Petition for a Writ of

Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C.§ 2241 seeking

recalculation of his projected release date alleging the Bureau of Prisons method of calculating

good time credits is unlawful.  For the reasons hereinafter expressed, the Magistrate Judge is of

the opinion petitioner's application for federal habeas corpus relief is not ripe for review and

should be DISMISSED.  Alternatively, McQUEEN's claims are without merit and should be

DENIED.

I.
UNDERLYING CONVICTIONS

Petitioner was, at the time he filed his petition, in the lawful custody of the Federal

Correctional Institution, Big Spring, Texas (FBI-Big Spring), as a result of consecutive 151

month judgments and sentences out of the United States District Court for the Eastern District of

Texas, Sherman Division.

Further elaboration of the specifics of petitioner's convictions and any post-conviction

proceedings are unnecessary because, in this habeas petition, petitioner challenges only the

method of calculation of good time credits.[1]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner's sole complaint is that the Bureau of Prisons (BOP) is calculating his good

time credit in a manner contrary to 18 U.S.C. § 3624(b). Specifically, petitioner appears to argue

the BOP should award him 54 days of credit for each year of his prison term, in this case 151

months or 12.58 years, yet the BOP is computing such good time credit based upon each year

served resulting in fewer days good time credit. Petitioner states, "...the BOP has established a

procedure whereby a prisoner's good time credit is not awarded on the basis of the length of the

sentence imposed, but rather on the number of days actually 'served.'" (Petitioner's

Memorandum at 2).

## III.
## RIPENESS FOR REVIEW

As a preliminary matter, it does not appear petitioner's claim is ripe for review in this

Court. A Fifth Circuit case decided March 22, 2005, and after the briefing submitted by the

parties in this case, addressed these same issues. In *Sample v. Morrison*, 406 F.3d 310, 311 the

Fifth Circuit stated,

> Whether Sample's sentence is computed on the basis of the BOP's interpretation
> of 18 U.S.C. § 3624(b) or his own, Sample will not be eligible for release before
> 2012. Moreover, the statute makes clear that good time credit must be earned by

---

[1]When petitioner filed his habeas application he was incarcerated at the Federal Correctional Institution, Big Spring, Texas (FCI- Big Spring) and he correctly named Joseph M. Haro, Warden of FCI Big Spring, as respondent. Petitioner has since been moved to the FCI, El Reno, Oklahoma, however, this Court retains jurisdiction because at the time of filing petitioner was incarcerated at FCI-Big Spring, a facility served by the Northern District of Texas.

a prisoner on an annual basis; it is not awarded in advance. *See* 18 U.S.C. §
3624(b).  Article III of the United States Constitution limits federal courts'
jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. In order to
give meaning to Article III's case-or-controversy requirement, the courts have
developed justiciability doctrines, such as the standing and ripeness doctrines.
Since standing and ripeness are essential components of federal subject-matter
jurisdiction, the lack of either can be raised at any time by a party or by the court.
....
Given the temporally distant and speculative nature of Sample's claim, his
allegations do not establish that "he 'will sustain immediate injury' and 'that such
injury would be redressed by the relief requested.' " *See Cinel,* 15 F.3d at 1341
(citations omitted).

Sample's case was dismissed for lack of subject-matter jurisdiction.  Such is the exact situation

presently before this Court.  Petitioner McCain's allegations are distant and speculative, not

ripening until at least sometime in mid 2006.  For these reasons, it is the opinion of the

undersigned this case is not rip for adjudication and should be DISMISSED.

## IV.
## MERITS

Alternatively, it is the opinion of the undersigned petitioner's claim is without merit and

should be denied.  Respondent has clearly and correctly articulated for the Court the merits of

this case and ascertained why relief should be denied.  Respondent's analysis is correct.  Further,

as set forth in *Sample,* 406 F.3d 310, 312, the statute itself makes it clear a prisoner must *earn*

good time credit.  The statute itself grants to the BOP the discretion to determine, during each

year, whether a prisoner has complied with the prison disciplinary rules thus warranting the

award of good time credit or whether such should be denied.[2]  *Id.* at 312-313.  Finally, the Fifth

Circuit has noted the statute, even if ambiguous, would at most require deference to the BOP

---

[2]For example, in respondent's answer it is shown petitioner was "docked" 7 days of good time for the period May
1999 to May 2000, being awarded only 47 days for that year due to a disciplinary infraction.  (Respondent's Brief at 7).

interpretation pursuant to *Chevron U.S.A. v. Natural Resources Defense Council, Inc.*,  467 U.S. 837, 104 S.Ct. 2778, 81 LED.2d 694 (1984).  In following the lead of two of its sister circuits, the Fifth Circuit has found the BOP's regulatory construction of any ambiguity pursuant to Chevron was permissible.  *Id.*  For the foregoing reasons, petitioner's claim is without merit and should be DENIED.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner WILLIE L. McQUEEN be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of June 2005.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


\* __NOTICE OF RIGHT TO OBJECT__ \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), __and__ the

parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).